BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE ANTHRACITE COAL ANTITRUST LITIGATION ) DOCKET NO. 293

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of seven actions pending in three federal districts -- three in the Middle District of Pennsylvania, three in the Eastern District of Pennsylvania, and one in the Southern District of New York. Each action is brought under the federal antitrust laws against the same six defendants, which are engaged in the business of mining, processing and/or selling coal. Plaintiffs in each action allege a conspiracy among the defendants and unnamed co-conspirators to fix prices of anthracite coal from 1961 to at least 1974. The named plaintiffs were purchasers of coal during the relevant period. All actions except one of the Eastern District of Pennsylvania actions are brought as class actions on behalf of various overlapping groups of purchasers of coal.

---

*Judge Lord took no part in the consideration or decision of this matter.

Several defendants have moved the Panel to transfer the foregoing seven actions to a single district pursuant to 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings.[1] All responding parties either agree or express no position on the desirability of transfer in this litigation. The only real dispute is over the selection of an appropriate transferee forum. Two districts have been suggested -- the Middle District of Pennsylvania and the Eastern District of Pennsylvania.

On the basis of the papers filed and the hearing held, we find that these seven actions involve common questions of fact and that their transfer to the Middle District of Pennsylvania under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions.

As is often true in multidistrict antitrust actions, the actions before us raise common factual questions concerning the existence, scope and effect of the alleged conspiracy and therefore transfer under Section 1407 is necessary in order to prevent duplicative discovery, eliminate the possibility of conflicting pretrial rulings and streamline the remainder of the pretrial proceedings as well. See, e.g., In re Beef

---

[1] Subsequent to the Panel hearing on this matter, two defendants filed a motion which sought to include an apparently related eighth action in this litigation -- Commonwealth of Pennsylvania v. Blue Coal Corporation, et al., E.D. Penn., C.A. No. 77-699. Since this action came to the attention of the Panel too late to be included in the initial hearing, this action will be treated as a tag-along action. Rule 10(d), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

Industry Antitrust Litigation, 419 F. Supp. 720, 721 (J.P.M.L. 1976). Significantly, transfer for coordinated or consolidated pretrial proceedings will ensure consistent treatment of the class action issues in these actions. See In re Folding Carton Antitrust Litigation, 415 F. Supp. 384, 386 (J.P.M.L. 1976).

Because of the proximity of the proposed transferee courts, selection of either one of them would not seriously inconvenience any party. On balance, we are persuaded that the Middle District of Pennsylvania is preferable. The grand jury investigation in a related criminal action occurred in that district, and a considerable number of documents relevant to the government investigation of the anthracite coal industry have been accumulated in the Middle District of Pennsylvania as a result. The plaintiffs in several actions have recognized the importance of those documents to their actions and have petitioned the judge assigned to the criminal action for access to the documents. Thus, transfer to that forum will best facilitate any necessary coordination of document discovery between the government criminal action and the private civil actions. See In re Sugar Industry Antitrust Litigation, 395 F. Supp. 1271, 1274 (J.P.M.L. 1975).

Counsel for several parties argue that the Eastern District of Pennsylvania would be a more conveniently located transferee forum for a majority of the attorneys involved in

these actions than would the Middle District of Pennsylvania. The convenience of counsel, however, is not by itself a factor to be considered under Section 1407 in the Panel's decision whether to order transfer or in the selection of a transferee forum for a group of actions. Only if the inconvenience of counsel would inpinge on the convenience of the parties or witnesses would the convenience of counsel become a factor to be considered by the Panel. Such a situation is not present here. See also In re Government Auto Fleet Sales Antitrust Litigation, 328 F. Supp. 218, 219-20 (J.P.M.L. 1971).

One plaintiff argues that although transfers pursuant to Section 1407 are only for pretrial, a Section 1407 transferee judge often orders the actions transferred to his or her district for all purposes pursuant to 28 U.S.C. §1404(a) or §1406.[2/] Therefore, this plaintiff contends, the Middle District of Pennsylvania should not be selected as the transferee forum because local sentiments in that district in favor of the coal industry could make it difficult to empanel an impartial jury. We find this contention irrelevant to the Panel's selection of a transferee forum for pretrial of this litigation. We observe that this contention may be presented to the transferee judge if the issue of trial of these actions arises in the proceedings in the transferee district.

---

[2/] This procedure was approved in Pfizer, Inc. v. Lord, 447 F. 2d 122 (2nd Cir. 1971).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Middle District of Pennsylvania be, and the same hereby are, transferred to the Middle District of Pennsylvania and, with the consent of that court, assigned to the Honorable Malcolm Muir for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and already pending there.

# SCHEDULE A

## DOCKET NO. 293

| MIDDLE DISTRICT OF PENNSYLVANIA | Civil Action No. |
|---|---|
| Penn Mart Realty Co., etc. v. Blue Coal Corp., et al. | 76-1459 |
| Clair C. Connors and Shirley Connors, etc., v. Blue Coal Corp., et al. | 76-1495 |
| Wilkes-Barre Steam Heat Co., etc. v. Blue Coal Corp., et al. | 76-1500 |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| The School District of Philadelphia, Pa., v. Blue Coal Corp., et al. | 76-3682 |
| City of New York, N. Y., et al. v. Blue Coal Corp., et al. | 77-253 |
| State of New York v. Blue Coal Corp., et al. | 77-229 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ardea Realty Corp. v. Blue Coal Corp., et al. | 77-Civ-372 |